IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-03096-07-SRB |
| ) | |
| LEVERT L. COOK, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Levert L. Cook's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). (Doc. #340.) For the reasons below, the motion is denied.

On September 5, 2019, Defendant pled guilty to the charge of conspiracy to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (Doc. #301.) On November 15, 2019, the Court sentenced Defendant to 120 months of imprisonment to be followed by a five-year term of supervised release. (Doc. #316.) Defendant is currently housed at the Federal Correctional Institute located in Greenville, Illinois ("FCI Greenville"). According to the Government, Defendant's projected release date is May 28, 2027. (Doc. #346, p. 2.)

The Court denied Defendant's first *pro se* Motion for Compassionate Release on July 14, 2020. (Doc. #328.) On September 23, 2020, the Warden at the Federal Correctional Institution in Greenville, Illinois denied Defendant's request for a reduction in sentence. (Doc. #340-4, p. 66.) On November 16, 2020, Defendant filed the instant motion for compassionate release, arguing his medical conditions and the threat of COVID-19 constitute extraordinary and compelling reasons

justifying his release. (Doc. #340, p. 4-5.) In support of this request, Defendant has submitted letters that attest to his character and the risks imposed by his medical conditions, which he contends include Lupus, high blood pressure, and repeat bronchitis and pneumonia. (Doc. #340, p. 5.) In response, the Government contends Defendant has not demonstrated extraordinary and compelling reasons justifying compassionate release and that he remains a danger to the community. (Doc. #346, pp. 8-9.)

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 10-CR-17, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020).

2

Here, and assuming Defendant has fully exhausted his administrative remedies, the Court finds no extraordinary and compelling reason to reduce his sentence. The Court previously found that Defendant's claimed medical conditions do not rise to the level of extraordinary and compelling reasons. (Doc. #328, p. 3.) In the instant motion, Defendant claims he has an additional diagnosis of "[i]mmunocompromised disease-Lupus … with immune weakening medications." (Doc. #340, p. 5.) The Government argues that Defendant's medical records do not reflect a diagnosis of Lupus. (Doc. #346, p. 8.) Upon review of the Defendant's medical records, the Court notes that Defendant appears to suffer from an "unspecified disorder involving the immune mechanism." (Doc. #340-4, pp. 12, 41.) Regardless of whether Defendant suffers from Lupus, he tested positive for COVID-19 on August 21, 2020. (Doc. #340-4, p. 29.) In a record dated August 27, 2020, Defendant "report[ed] being asymptomatic with no complaints." (Doc. #340-4, p. 25.) The Government argues that nothing in Defendant's records suggests he suffered long-term complications associated with his COVID-19 diagnosis. (Doc. #346, p. 8.) The Court finds the record supports the conclusion that Defendant has recovered after testing positive for COVID-19, and therefore Defendant does not currently suffer from a medical condition which prevents him from providing self-care or performing daily living activities. Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant has failed to show that his medical conditions rise to the level of extraordinary and compelling reasons warranting a sentence reduction.

Furthermore, the Court finds that the sentencing factors in 18 U.S.C. § 3553(a) do not support a sentence modification. The Government argues that Defendant remains a danger to the community because Defendant's past conduct includes violent crimes and drug trafficking, three of his five previous probations for felonies were revoked, and the dangerous nature of his admitted

3

Case 6:17-cr-03096-SRB   Document 347   Filed 01/07/21   Page 3 of 4

daily distribution of heroin. (Doc. #346, p. 11.) Defendant states he has not received any violations since he was arrested for the underlying offense and that he has maintained employment at FCI Greenville. (Doc. #340-1.) Defendant has served less than one fourth of his ten-year sentence. While Defendant did not violate his supervised pre-trial release, his lengthy criminal history and recidivism weigh in favor of further incarceration. Releasing Defendant now would undermine the need for the sentence imposed, including the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes. *See* U.S.C. § 3553(a)(2).

Under these circumstances, Defendant has failed demonstrate an extraordinary and compelling reason justifying a sentence reduction. Defendant has also failed to show that he merits release under the § 3553(a) factors. Defendant's request for appointment of counsel is also denied, as the factual and legal complexity of the motion does not support such appointment.

Accordingly, it is **ORDERED** that Defendant Levert L. Cook's *pro se* motion for compassionate release (Doc. #340) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
Dated: January 7, 2021                     UNITED STATES DISTRICT JUDGE